Antonio L. JUMAWID, Plaintiff,

v.

Allen V. ROSE, et al., Defendants.

Civ. A. No. 88–3246.

United States District Court,
District of Columbia.

Sept. 27, 1989.

Thomas D. Engle, Carr, Goodson & Lee, Washington, D.C., for defendants.

Kenneth W. Curtis, Finklestein & Curtis, Washington, D.C., for plaintiff.

## ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to Defendants' Motion for Sanctions where Plaintiff has failed to comply with the discovery order of this Court.

Plaintiff brought this action against Defendants on November 9, 1988 alleging that they were negligent in maintaining the main entrance driveway to the Wellington Hotel where Plaintiff fell and fractured his hip and that they were negligent in their subsequent failure to render aid to him. Defendants filed Interrogatories and a Request for Production of Documents on February 13, 1989. The Plaintiff failed to respond to the Defendants' discovery request and the Defendants accordingly filed a motion with this Court on June 5, 1989 to compel discovery. This Court granted the Defendants' motion and ordered the Plaintiff to provide "complete responses" to Defendants' discovery devises by July 17, 1989. The Plaintiff failed to comply with this Court's Order and the Defendants accordingly filed a Motion for Sanctions on July 27, 1989. The Plaintiff has not filed an opposition to Defendants' motion. On September 21, 1989 the Defendants supplemented their Motion for Sanctions to inform the Court that the Plaintiff provided executed Answers to Interrogatories on August 8, 1989 but that the Answers failed to provide complete responses.

Although this Court does not attempt to address every inadequacy, upon reviewing the responses provided by Plaintiff this Court finds that the deficiencies are neither few nor insubstantial and are virtually tantamount to no response at all.

For example, when asked to identify the names and addresses of all doctors, dentist or other medical practitioners that examined or treated the Plaintiff, the Plaintiff cited an "attached list of physicians" but failed to provide that list. When asked the date of each examination or treatment the Plaintiff simply responded that "treatment is continuing" but provided no dates on which he was examined or treated.[1] When asked the total amount of money paid or owed to each doctor, dentist or medical practitioner involved, Plaintiff referred to workmen's compensation records but failed

---

1. Similarly, when asked the dates on which Plaintiff received hospital treatment as a result of injuries received in the accident, Plaintiff responded that he was admitted to Georgetown University Hospital on November 11, 1985 but failed to provide the discharge date.

to produce them.[2] The failure of Plaintiff to substantively respond to these interrogatories prevents Defendants from deposing critical medical sources with knowledge and opinions of the scope and nature of Plaintiff's injury and further precludes Defendants from making any informed assessment of damages.

As another example, Plaintiff failed to respond to interrogatories which sought to elicit information about the underlying details of the accident. When asked to "[p]lease state in detail your version of how the accident allegedly giving rise to this lawsuit occurred, including the date and time of said incident," the single sentence response of Plaintiff was "[o]n November 10, 1985, I while leaving the Wellington Hotel, I fell on a defect in the sidewalk." The lack of detail in the response, including failure to provide the time of the incident, the nature of the defect, the exact location of the defect, is obvious. Still another example, when asked to provide the names and addresses of individuals with personal knowledge of the facts material to this matter, and the substance of each individual's knowledge, Plaintiff listed three names but failed to provide their addresses. More importantly, the Plaintiff failed to provide the substance of the individuals' knowledge. These incomplete responses fail to provide the Defendants with fundamental information concerning the details of the accident and provides the Defendants with no basis on which to make an informed decision whether to depose these individuals concerning their knowledge of the accident.

Not only do Plaintiff's answers substantively fail to provide Defendants with the necessary information that Defendants require to meaningfully address critical issues in this matter, such as the underlying details of the accident, the Defendant's liability and the Plaintiff's damages, but the repeated instances of haphazardness in the preparation of the answers evidences Plaintiff's lack of concern for its duty under this Court's discovery order to provide responsive and forthright answers. For example, as earlier discussed, Plaintiff refers to attached lists of treating physicians and workmen's compensation records but then fails to provide them. In another instance, Plaintiff was asked to describe in detail all statements made by the Defendant to Plaintiff. The Plaintiff merely provided that he "spoke with Barbara Brown about what happened. She accompanied me to the hospital." Not only is the answer substantively unresponsive by failing to provide the details of any statements, but Ms. Brown is a friend of the Plaintiff who was a witness at the scene and is not a defendant in this matter. In yet another instance, Plaintiff was asked to identify persons who had given him written statements concerning the circumstances in this matter and to attach copies of those written statements. The Plaintiff responded that a written statement was prepared by Ms. Brown at the request of her attorney but that Plaintiff would not disclose the statement on the ground that the document was attorney work product. However, when asked why Plaintiff was at the scene of the accident, the Plaintiff responded that the Defendants should refer to the very statement of Ms. Brown that the Plaintiff was refusing to disclose.

In light of the history of this matter in which Defendants were required to compel discovery, the Plaintiff failed to comply with this Court's discovery order, and the Plaintiff's belated response to Defendants' discovery request was grossly inadequate, this Court is compelled to dismiss Plaintiff's complaint against Defendants with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C). *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Due to Plaintiff's failure to answer timely to Defendants' discovery requests and the cursory, haphazard and nonresponsive nature of Plaintiff's ultimate response, this

---

**2.** Similarly, when Plaintiff was specifically asked to "itemize" the charges rendered by any hospital at which Plaintiff received treatment he again failed to provide the information request- ed. and simply responded that all hospital charges were paid for by workmen's compensation.

matter is no further along the path towards resolution than when Defendants first sought discovery over seven months ago. This Court recognizes that the order of dismissal with prejudice is a drastic remedy which should be reserved for only flagrant cases of noncompliance where there is evidence that failure to comply is due to willfulness, bad faith, or fault and not inability to comply. *Id.* at 640, 96 S.Ct. at 2779. As the interrogatories demonstrate on their face, all of the information which Defendants sought was peculiarly within the access or control of Plaintiff and there is simply no reason for Plaintiff's intentional disregard of this Court's discovery order requiring the Plaintiff to provide this information to Defendants. Where Plaintiff has chosen not to make this information available to the Defendants to enable them to investigate, assess and defend this matter, this Court will not allow Plaintiff to continue its action against Defendants. Accordingly, it is hereby

ORDERED that Defendants' Motion for Sanctions be and the same is hereby GRANTED; and it is further

ORDERED that Plaintiff's complaint against Defendants is DISMISSED with prejudice in its entirety.