**Antonio L. JUMAWID, Plaintiff,**

v.

**Allen V. ROSE, et al., Defendants.**

**Civ. A. No. 88–3246.**

United States District Court,
District of Columbia.

Oct. 13, 1989.

Kenneth W. Curtis, Finklestein & Curtis, Washington, D.C., for plaintiff.

Thomas D. Engle, Washington, D.C., for defendants.

### ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to Plaintiff's motion to reconsider this Court's September 27, 1989 Order of dismissal with prejudice. 127 F.R.D. 641.

This Court ordered the dismissal of Plaintiff's complaint against Defendants as a discovery sanction for Plaintiff's failure to comply with this Court's July 6, 1989 Order compelling discovery. Not only did Plaintiff fail to meet the discovery deadline

established in the July 6 Order but when Plaintiff did in fact respond to Defendants' discovery devices this Court found his response to be tantamount to no response at all.

■ Plaintiff contends that this Court should reconsider its Order of dismissal on the ground that Plaintiff never received notice of Defendants' motion for sanctions which was filed with this Court on July 27, 1989.[1] However, this Court's Order was not based on Plaintiff's failure to respond to Defendants' motion for sanctions but on Plaintiff's untimely and inadequate response to Defendants' discovery requests which represented a deliberate disregard for not only Defendants' rights but the very authority of this Court to compel discovery. Plaintiff's motion for reconsideration does not set forth any argument that he would have included in an opposition to Defendants' motion for sanctions had he received notice which would have caused this Court to decide otherwise. Indeed, Plaintiff does not contend that his responses were adequate and he does not contest any of this Court's findings in its September 27 Order.

■ Plaintiff represents that he is now willing to comply with discovery and has in fact supplemented his responses to Defendants' interrogatories. However, this Court is unwilling to maintain a case on its docket where the Plaintiff reacts to discovery devices only after this Court is compelled to intervene. Plaintiff's responses to Defendants' discovery requests were originally due on March 23, 1989. After Defendants' unsuccessful attempts to obtain discovery directly from Plaintiff, the Defendants sought the intervention of this Court and filed a motion to compel discovery on June 5. This Court granted the Defendants' motion to compel on July 6 and ordered that the Plaintiff respond within eleven days. The Plaintiff failed to respond within that time and yet never sought an enlargement of time in which to respond nor contacted the Defendants. After having waited over four months for responses that were originally due on March 23, the Defendants finally filed a motion for sanctions against Plaintiff on July 27. The Defendants received executed answers to interrogatories from Plaintiff on August 8 and, as discussed in this Court's Order of dismissal on September 27, those answers were grossly inadequate.

Unfortunately, this Court can afford little weight to Plaintiff's representation that he will now comply with discovery in this case after Plaintiff has already failed to comply with this Court's July 6 Order. This Court's prompting of discovery through its July 6 Order should have been sufficient to resolve this dispute. *See Capitol Chem. Indus. v. Community Management Corp.*, No. 86–2944 (D.D.C. Aug. 29, 1988) (available on WESTLAW, 1988 WL 93136). Moreover, that Plaintiff finally concedes to comply with discovery after his case has been dismissed says little for the authority of this Court; this Court is cognizant of the deterrent effect that its Order of dismissal has on future litigants. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976).

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Reconsider is DENIED.

---

**1.** Counsel for Defendants has provided this Court with an affidavit swearing that he personally mailed Defendants' motion for sanctions to Plaintiff.